UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BROADCAST MUSIC, INC.; | ) | |
| INTERIOR MUSIC CORP.; | ) | |
| AMAZEMENT MUSIC; COMBINE | ) | |
| MUSIC CORP. SONY/ATV SONGS | ) | |
| LLC; THE BERNARD EDWARDS | ) | |
| COMPANY LLC; | ) | |
| WARNER-TAMERLANE PUBLISHING | ) | |
| CORP.; SONGS OF UNIVERSAL, INC.; | ) | |
| BIG YELLOW DOG, LLC d/b/a BIG | ) | |
| YELLOW DOG MUSIC; TOKECO | ) | |
| TUNES; GASOLINE ALLEY MUSIC, | ) | |
| INC. d/b/a GASOLINE ALLEY MUSIC; | ) | |
| CAMEO APPEARANCE BY | ) | |
| RAMSES MUSIC, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No.: |
| | ) | |
| v. | ) | |
| | ) | |
| JGBP INCORPORATED d/b/a MIDTOWN | ) | |
| COCKTAILS; BERNARD PERKINS; | ) | |
| and JESSE J. GALLOWAY, | ) | |
| individually, | ) | |
| | ) | |
| Defendants. | ) | |

**Complaint for Copyright Infringement**

Plaintiffs complain against Defendants as follows:

*Introduction*

1. The authors of musical compositions often grant the right to license the public performance of those musical compositions to third-parties such as Plaintiff Broadcast Music, Inc. ("BMI"). In this case, Plaintiff BMI has been granted the right to license the public performance rights in approximately 8.5 million copyrighted musical compositions (the "BMI repertoire").

Defendants operate a bar at which copyrighted musical compositions, including compositions contained in the BMI repertoire, are publicly performed without the permission of BMI or the authors of those musical compositions. Thus, Defendants have infringed and continue to infringe the copyrights on musical compositions contained in the BMI repertoire.

## *Jurisdiction and Venue*

2. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act").

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(a).

## *The Parties*

5. Plaintiff Broadcast Music, Inc. ("BMI") is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York.

6. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions that are the subject of this lawsuit. All Plaintiffs are joined pursuant to Federal Rules of Civil Procedure 17(a) and 19(a). BMI has been granted the right to license the public performance rights to the musical compositions in the BMI repertoire, including the right to license the public performance rights to the musical compositions that BMI alleges Defendants infringed in this case.

7. Plaintiff Interior Music Corp. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8. Plaintiff Amazement Music is a sole proprietorship owned by Frankie Beverly. This

Plaintiff is the copyright owner of at least one of the songs in this matter.

9. Plaintiff Combine Music Corp. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

10. Plaintiff Sony/ATV Songs LLC is a limited liability company. This Plaintiff is the copyright owner of at least one of the songs in this matter.

11. Plaintiff The Bernard Edwards Company LLC is a limited liability company. This Plaintiff is the copyright owner of at least one of the songs in this matter.

12. Plaintiff Warner-Tamerlane Publishing Corp. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

13. Plaintiff Songs of Universal, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

14. Plaintiff Big Yellow Dog, LLC is a limited liability company doing business as Big Yellow Dog Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

15. Plaintiff Tokeco Tunes is a sole proprietorship owned by Toby Keith Covel. This Plaintiff is the copyright owner of at least one of the songs in this matter.

16. Plaintiff Gasoline Alley Music, Inc. is a corporation doing business as Gasoline Alley Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

17. Plaintiff Cameo Appearance By Ramses Music is a partnership owned by Carl E. Martin and Darnell A. Van Rensalier. This Plaintiff is the copyright owner of at least one of the songs in this matter.

18. Defendant JGBP Incorporated is a corporation organized and existing under the laws of the state of Texas. JGBP Incorporated operates, maintains, and controls an establishment known as Midtown Cocktails, located at 2014 E Houston St., San Antonio, Texas, in this district (the

"Establishment").

19. In connection with operating the Establishment, Defendant JGBP Incorporated publicly performs musical compositions and causes musical compositions to be publicly performed.

20. Defendant JGBP Incorporated has a direct financial interest in the Establishment.

21. Defendant Jesse J. Galloway is Chief Executive Officer and a director of Defendant JGBP Incorporated. Defendant Jesse J. Galloway is responsible for operating and managing the Establishment.

22. Defendant Jesse J. Galloway has the right and ability to supervise the activities of Defendant JGBP Incorporated. Defendant Jesse J. Galloway has a direct financial interest in JGBP Incorporated and the Establishment.

23. Defendant Bernard Perkins is President of Defendant JGBP Incorporated. Defendant Bernard Perkins is responsible for operating and managing the Establishment.

24. Defendant Bernard Perkins has the right and ability to supervise the activities of Defendant JGBP Incorporated. Defendant Bernard Perkins has a direct financial interest in JGBP Incorporated and the Establishment.

*Claims of Copyright Infringement*

25. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 25.

26. Since March 2010, BMI has attempted to contact Defendants by telephone and email over forty times. In those emails and letters, BMI described to Defendants their obligations under the Copyright Act. Specifically, BMI informed Defendants that they needed to purchase a license in order to publicly perform musical compositions in the BMI repertoire. BMI included cease-and-desist notices in its correspondence, formally notifying Defendants that

they must immediately stop all use of BMI-licensed music at the Establishment.

27. Plaintiffs allege ten (10) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

28. A schedule identifying some of the many musical compositions whose copyrights were infringed by Defendants is attached to this Complaint as Exhibit A (the "Schedule") and is incorporated herein. The Schedule contains information on the ten (10) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

29. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

30. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

31. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2.  For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

32. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so.  Thus, Defendants have committed copyright infringement.

33. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage.  By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(a) the Court enter judgment against Defendants, finding that Defendants willfully infringed valid copyrights to the musical compositions described in the Schedule;

(b) the Court enter an order permanently enjoining Defendants, their agents, servants, employees, and all persons acting under their permission and authority from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502;

(c) the Court order Defendants to pay statutory damages per claim of infringement,

        pursuant to 17 U.S.C. § 504(c);

(d)    the Court order Defendants to pay costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505; and

(e)    the Court grant Plaintiff other and further relief as is just and equitable.

Dated: November 21, 2016

                By:    */s/ Arthur Gollwitzer*
                       Arthur Gollwitzer III
                         Texas Bar No. 24073336
                       Michael Best & Friedrich
                       2801 Via Fortuna, Suite 300
                       Austin, TX 78746
                       Tel: 512-640-3161
                       agollwitzer@michaelbest.com

                       ***Attorneys for Plaintiffs***

031823-9013\19816074.1